IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02643-BNB

ANTONIO DWAN WILLIAMS,

     Applicant,

v.

MR. CHAPDLAINE, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Antonio Dwan Williams, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Williams, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Williams is challenging the validity of his conviction and sentence in Case No. 07CR3324 in the El Paso County District Court.

     The Court must construe liberally the Application filed by Mr. Williams because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I. Background and State Court Proceedings

Mr. Williams was convicted by a jury of first degree murder and felony murder, and he received a life sentence in the custody of the Colorado Department of Corrections.  Mr. Williams appealed his conviction.  The Colorado Court of Appeals affirmed the conviction, but remanded the case with directions to correct the mittimus on October 22, 2009.  *See People v. Williams*, No. 08CA0567 (Colo. App. Oct. 22, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. D).

Mr. Williams next filed a Colo. R. Crim. P. 35(c) postconviction motion, which the trial court denied on October 8, 2010.  Mr. Williams filed an appeal, and the Colorado Court of Appeals affirmed the district court's order on September 29, 2011.  *See People v. Williams*, No. 10CA2162 (Colo. App. Sept. 29, 2011) (unpublished opinion) (Pre-Answer Resp. at Ex. I).

Mr. Williams then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court on October 11, 2011.  Mr. Williams asserts one claim in the Application, alleging that his Fourth Amendment rights were violated when he was falsely arrested and imprisoned pursuant to a defective arrest warrant that had incorrectly merged his name with the identifying information of another individual.

On November 1, 2011, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  Respondents filed a Pre-Answer Response on November 22, 2011. Mr. Williams filed a Reply on November 29, 2011.  Respondents concede in the Pre-

2

Answer Response that Mr. Williams' Application is timely but they argue that Claim One is procedurally defaulted.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in

the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

3

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a state court has deemed the issue procedurally barred. *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). A claim is precluded from federal habeas review when it has been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]." *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

Mr. Williams raised his Fourth Amendment claim for the first time in his Rule 35(c) postconviction motion. *See* Pre-Answer Resp. at Ex. F. On September 29, 2011, the Colorado Court of Appeals rejected Mr. Williams' Fourth Amendment claim, finding that "even to the extent defendant's claims survived his failure to challenge the warrant at trial, they are barred because they were not raised on direct appeal." *Williams*, No. 10CA2162 at 5. Under Colo. R. Crim. P. 35(c)(3)(VII), the claims are barred in state

court because the claims "could have been presented" in a prior appeal proceeding. Relying on *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), the Tenth Circuit has supported the Colorado Court of Appeals' procedural default finding and refusal to consider a claim in a Rule 35(c) postconviction motion that could have been raised on direct appeal.  *See Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009). Furthermore, the procedural bar is based on state law and Rule 35(c)(3)(VII) has been applied uniformly and evenhandedly in Rule 35(c) postconviction motions that raise claims which could have been raised on direct appeal.  *State of Colo. v. Wilson*, --- P.3d ---, 2011 WL 2474295 (Colo. App. June 23, 2011); *State of Colo. v. Hill*, --- P.3d ---, 2011 WL 1797178 (Colo. App. May 12, 2011); *State of Colo. v. Walton*, 167 P.3d 163 (Colo. App. 2007).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S. Ct. 238 (2009)); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Williams' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Williams must show that

some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at1319.  An applicant, however, must first raise an independent constitutional claim in state court before it can be used to establish cause for procedural default.  *See Livingston v. Kansas*, 407 F. App'x 267, 273 (10th Cir. 2010) (citing *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *see also, Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010).

Mr. Williams has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice.  As a result, Claim One is procedurally barred from federal habeas review and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant's claim is procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this _4th_ day of ___January_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court